UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| CLEOPHUS C. CLARK, | Case No. 2:22-cv-01541-CDS-VCF |
| Plaintiff, | **ORDER** |
| vs. | APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 3); COMPLAINT (ECF NO. 1-1) |
| DET. G. RILEY P#13428, et al., | |
| Defendant. | |

Incarcerated pro se plaintiff Cleophus C. Clark filed an application to proceed in forma pauperis (IFP) and a complaint. ECF Nos. 3 and 1-1. I grant plaintiff's application to proceed in forma pauperis. ECF No. 3.

**I.   Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he must pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the

average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). Even if this action is dismissed, the prisoner must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid.

Plaintiff is currently incarcerated in the Clark County Detention Center. ECF No. 3.  Plaintiff filed a declaration and a certified copy of the trust fund account statement per 28 U.S.C. § 1915(a)(2). Plaintiff's average monthly balance is $0, and his average monthly deposits are $1.50. The institution calculated that his partial filing fee should be $0.30. I grant plaintiff's IFP application.

Since plaintiff's monthly deposit is currently so low, I will exercise my discretion and waive the initial installment of the filing fee. The entire $350 filing fee will, however, remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when plaintiff's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915.  The entire $350 filing fee will remain due and payable and will be collected from plaintiff's institutional account regardless of the outcome of this action.

II. **Whether Plaintiff's Complaint States a Plausible Claim**

a. **Legal Standard**

Because the Court grants Clark's application to proceed in forma pauperis, it must review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled

2

to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of" the claims asserted. Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a Clark acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To adequately plead the section 1983 elements, a complaint must

identify what constitutional right each defendant violated and provide sufficient facts to plausibly support each violation. See e.g., *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must participate in misconduct to be liable under section 1983). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S.Ct. 911, 920, 197 L. Ed. 2d 312 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id*. (citing *Carey v. Piphus*, 435 U.S. 247, 257-58, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)).

Under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), when the success of a plaintiff's civil rights claim would "necessarily imply the invalidity of his conviction or sentence," the plaintiff cannot proceed with the claim for damages unless the conviction or sentence has been invalidated. *Id.* at 487. To state a Section 1983 claim for violation of due process rights, plaintiff "must allege facts that, if true, show that ... [defendants] deprived him of a constitutionally protected liberty or property interest without due process." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 940 (9th Cir. 2009).

### b. Complaint

Plaintiff brings 42 U.S.C. § 1983 claims for false arrest, false imprisonment, and "false information" against multiple Las Vegas Metropolitan Police Officers. ECF No. 1-1. Plaintiff alleges that the officers arrested him while wearing fake badges with fake badge numbers so that plaintiff could not identify them. *Id*. at 5. Plaintiff alleges that since he was arrested and given "false information" (the fake badge numbers) that his arrest and current detention is therefore false. *Id.* Plaintiff alleges that the false arrest and his false imprisonment, which continues until present, violates his civil rights. *Id.*

Plaintiff does not have standing to bring a § 1983 claim for his false arrest or false imprisonment because plaintiff states that he is still incarcerated because of this false arrest. Any claim by a prisoner

4

attacking the fact or duration of his custody pursuant to a criminal conviction or sentence must be brought by way of a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Plaintiff's claims challenge the validity of his confinement, and thus he fails to state a § 1983 claim against the defendants. Plaintiff may raise these allegations in a habeas corpus proceeding. This would require that plaintiff file a habeas corpus petition and an in forma pauperis application in a new action, meaning he may not file the petition for habeas corpus in this action. Plaintiff fails to articulate claims against defendants in this action. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice.

ACCORDINGLY,

I ORDER plaintiff Clark's application to proceed in forma pauperis (ECF No. 3) is GRANTED.

I FURTHER ORDER that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Wednesday, December 7, 2022, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

I FURTHER ORDER that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Clark County Detention Center ("CCDC") must forward payments from the account of Cleophus C. Clark # 1506712 to the Clerk of the United States District Court, District of Nevada, 20%

of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

I FURTHER ORDER the Clerk of the Court to send a copy of this order to the Finance Division of the Clerk's Office.

I FURTHER ORDER that the Clerk of the Court must send a copy of this Order to the Finance Division of the Clerk's Office and to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

I FURTHER ORDER that if the plaintiff is transferred into the custody of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this Order to Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, and indicate the amount that plaintiff has paid towards his filing fee so that funds may continue to be deducted from his account.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written

notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

  IT IS SO ORDERED.

  DATED this 7th day of November 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE